IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN HALLOWS, #32721, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−881−JPG |
| | ) | |
| MADISON COUNTY JAIL, | ) | |
| JOHN LAKIN, | ) | |
| RANDY YOUNG, and | ) | |
| UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John Hallows, an inmate in Madison County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious mental health and medical issues in violation of the Fourteenth Amendment and Illinois law. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations, which he divided under the following counts:

**Count 1 – Failure to Address Mental Health Needs and Improper Confinement**

Plaintiff repeatedly notified the facility that he was hearing voices, that he had a history of mental health issues, and that he had been on medications before. (Doc. 1, p. 4). The Deputy incorrectly indicated that Plaintiff did not have mental health issues, and further indicated that Plaintiff did not need to be housed separately from the general population, which was also incorrect. *Id.* Inmates with mental health issues are housed in the Special Housing Unit. (Doc. 1, pp. 4-5). Other inmates noticed Plaintiff's problems and abused him for them. (Doc. 1, p. 5). Combined with the Jail's overcrowded conditions, this led to the attack on Plaintiff. *Id.*

**Count 2 – Failure to Protect**

Plaintiff was assaulted while he was placed incorrectly within the Jail. *Id.* Plaintiff did

not provoke the attack. *Id.* Instead, his mental health issues and the Jail's overcrowded conditions, where inmates are divided "along 'racial' lines," are to blame. *Id.* Upon entering the dayroom, Plaintiff was attacked from behind by inmate Hamilton and others, including inmate Sims, who has since returned to the Jail for another "mob action" case. *Id.*

**Count 3 – Negligence**

Immediately after Plaintiff was severely injured with multiple face fractures and neck and back injuries, it took almost one hour for someone to call an ambulance. *Id.* Plaintiff was never seen by the Jail's medical staff during this time. *Id.* Instead, Deputy Hare took Plaintiff to the shower area. *Id.* They argued about his taking a shower. *Id.* Plaintiff was in a lot of pain, and the shower was extremely cold, so when he got in he screamed and felt part of his jaw separate. *Id.* Hare then took Plaintiff to an attorney booth and took photos "because he was more worried about lawsuit prevention" than about Plaintiff's medical needs. *Id.* When the ambulance arrived, they put Plaintiff on a stretcher and in a neck brace and assessed his injuries. *Id.*

**Count 4 – Deliberate Indifference**

"After extensive and very serious injuries, the Plaintiff was released back to confinement with discharge instructions." *Id.* Immediately after signing the release form, Deputy Barrett took Plaintiff's neck brace off. *Id.* Barrett told Plaintiff that he did not need the brace anymore and that it "looks bad on the Jail." *Id.* He did this "in front of a 'shocked' doctor." *Id.* Plaintiff received X-rays and CAT scans on his neck and back all night prior to this, which determined that he had sustained three fractures to his face and neck and back injuries. (Doc. 1, pp. 5-6).

Plaintiff's discharge instructions stated that he was to remain in the Jail's infirmary, but upon his return to the Jail, Plaintiff was "put on the floor of a very small attorney booth" for four days. (Doc. 1, p. 5). He was not monitored or checked on regularly. (Doc. 1, p. 6). He also had

no toilet or running water, and "many times requests to be taken to a restroom were ignored by passing guards." *Id.* Plaintiff was also only given three cups of broth water per day, but he vomited it up because of the blood he swallowed after he was attacked. *Id.*

**Count 5 – Prevented from Pressing Charges**

Plaintiff "was denied the right to make a police report, speak to a detective, or press charges against his attackers." *Id.* At the hospital, Deputy Wilson asked Plaintiff if he wanted to press charges against inmate Hamilton, and Plaintiff told him that he did. *Id.* Deputy Wilson called the Jail and told them. *Id.* "A couple of days later Deputy Court came to the Plaintiff and asked him to sign a form 'refusing to press charges.'" *Id.* Plaintiff refused to sign and asked to speak to a detective, reiterating that he wanted to press charges. *Id.*

About one month later, Plaintiff asked Deputy Hare if Hamilton had been charged for the attack. *Id.* Deputy Hare lied to Plaintiff and told him that the incident report indicated that charges had been filed. *Id.* One of Plaintiff's attackers, Sims, was a witness for Hamilton and inaccurately stated that Hamilton was acting in self-defense when he attacked Plaintiff. (Doc. 1, p. 7). "In another attempt to prevent a lawsuit the Jail conveniently was against the Plaintiff getting the justice he deserves for being attacked." *Id.* The physical evidence of the right side of Plaintiff's jaw and Hamilton's right hand being swollen "is proof that Plaintiff was 'sucker punched' from behind." *Id.*

Plaintiff requests a preliminary injunction ordering that he be seen by the Jail psychologist, Dr. Cuneo, to evaluate his mental health. (Doc. 1, p. 8). Plaintiff also seeks monetary damages. *Id.*

## Discussion

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address issues

related to some of the named defendants in this case. First, Madison County Jail is not an appropriate defendant in this case. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit.

Further, Plaintiff names "Medical Staff" as a defendant in this case. However, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). A group of people, such as "Medical Staff," is not a "person" subject to suit pursuant to § 1983.[1] Thus, "Medical Staff," currently labeled as "Unknown Party" in CM-ECF, will be dismissed with prejudice from this action, though this dismissal will be without prejudice to Plaintiff naming and bringing a claim against individual medical staff members.

Finally, with respect to Defendants Lakin and Young, Plaintiff has failed to include them in the statement of claim, despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See*

---

[1] The Court notes that Plaintiff has also listed "Sherriff Deputies" as defendants in this action. (Doc. 1, p. 1). He indicates in his list of defendants that these include "other deputies employed by the Sherriff's office." (Doc. 1, p. 2). Construing the Complaint liberally and giving Plaintiff as a *pro se* Plaintiff the benefit of the doubt, the Court finds that Plaintiff intended the "Sherriff Deputies" to consist of those individual deputies specifically named and associated with counts in his statement of claim, including Deputies Hare, Wilson, Barrett, and Court. For this reason, and the reasoning above underpinning the dismissal of "Medical Staff," "Unknown Party" will be dismissed as a defendant, and the Clerk will be directed to add Deputies Hare, Wilson, Barrett, and Court as defendants.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendants Lakin and Young are "personally responsible for the deprivation of a constitutional right," and they cannot be liable merely because they supervised people who caused a constitutional violation. *Id.* For these reasons, Lakin and Young will be dismissed from this action without prejudice.

Based on the allegations of the Complaint, and despite Plaintiff's division of his claims into 5 counts, the Court finds it convenient to divide this *pro se* action into 6 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious mental health needs involving his hearing voices, in violation of the Fourteenth Amendment.
>
> **Count 2 –** Defendants failed to protect Plaintiff from an attack by inmate Hamilton, in violation of the Fourteenth Amendment.
>
> **Count 3 –** Deputy Barrett and Deputy Hare were deliberately indifferent to Plaintiff's serious medical needs after he was attacked by inmate Hamilton, in violation of the Fourteenth Amendment.
>
> **Count 4 –** Deputy Barrett and Deputy Hare were negligent in their handling of Plaintiff's injuries after he was attacked by inmate Hamilton, in violation of Illinois law.

**Count 5 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement when he returned from the hospital, in violation of the Fourteenth Amendment.

**Count 6 –** Deputy Wilson and Deputy Court violated Plaintiff's right to press charges against Hamilton.

As discussed in more detail below, Count 3 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Counts 1, 2, and 5

As noted previously, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Plaintiff failed to associate any of the named defendants with his allegations underpinning Counts 1, 2 and 5. Under Count 1, he vaguely asserts that "the Deputy" incorrectly filled out his intake forms, but it is unclear whether "the Deputy" is one of the designated defendants or a different individual. The allegations underlying Counts 2 and 5 are not associated with any individuals at all. For these reasons, Counts 1, 2, and 5 will be dismissed without prejudice.

## Count 3

During the relevant time, it appears that Plaintiff may have been a detainee rather than a convicted prisoner. Accordingly, Plaintiff's deliberate indifference claim under Count 3 may derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to claims raised by pretrial detainees. *Burton v. Downey*,

7

805 F.3d 776, 784 (7th Cir. 2015). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017).

The propriety of applying the more stringent standard to pretrial detainees' deliberate indifference claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id*. at 2470. However, *Kingsley* was an excessive force case, and it is not yet clear the objective standard applies in other types of pretrial detention cases.

In the instant case, the Court need not resolve any uncertainty pertaining to *Kingsley* and Plaintiff's deliberate indifference claim. Under the more stringent Eighth Amendment deliberate indifference standard, Plaintiff's allegations state a deliberate indifference claim upon which relief may be granted against Barrett and Hare. Barrett allegedly removed Plaintiff's neck brace when he was discharged from the hospital because it made the Jail look bad, apparently without regard for Plaintiff's extensive neck, back, and face injuries. Hare did not immediately seek treatment for Plaintiff after he was injured, instead taking steps aimed at safeguarding the Jail from litigation, including subjecting Plaintiff to a freezing shower and taking photographs of his injuries. At this stage, these allegations are sufficient to state a claim under either standard. Count 3 will therefore proceed against Hare and Barrett.

## Count 4

A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*,

474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). "Mere negligence or even gross negligence does not constitute deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). In addition, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1994). Even if the Court exercises supplemental jurisdiction over Plaintiff's state law negligence claim,[2] the Complaint supports no claim. *See* 28 U.S.C. § 1367(a). Plaintiff has not named any medical providers in connection with his claims that his medical needs were not tended to appropriately after his attack. There is no indication that the named deputies, who are the only remaining defendants in this action, are "health professionals" and therefore, they cannot be properly sued for medical negligence or malpractice.[3] Count 4 will therefore be dismissed without prejudice.

## Count 6

With respect to Plaintiff's claim that the defendants prevented Plaintiff from pressing charges against Hamilton based on the attack, Plaintiff has no right to do so. Discretion as to whether to prosecute any person for a criminal offense rests with the State's Attorney for the county where the conduct occurred. Despite Plaintiff's accusation that the defendants lied to him about Hamilton being charged and sided with Hamilton over him, no constitutional violation

---

[2] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Applying this standard, the Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

[3] The Illinois Supreme Court has described medical malpractice, or "healing art" malpractice, as "a broad category that is not confined to actions against physicians and hospitals but rather . . . may also include actions against other health professionals such as dentists or psychologists." *Bernier v. Burris*, 497 N.E.2d 763, 767 (Ill. 1986). Even that broad description does not include correctional officers, grievance officials, or prison supervisory officials with no professional medical training.

9

occurred in their handling of this matter. Count 6 will therefore be dismissed with prejudice.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is hereby **REFERRED** to a United States Magistrate Judge for a decision.

## Injunctive Relief

In the request for relief in the Complaint, in relevant part, Plaintiff requests a preliminary injunction ordering Plaintiff to be seen by the psychologist for the Jail, Dr. Cuneo, to evaluate his mental health issues. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).

In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Further, a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Against this backdrop, the Court must deny Plaintiff's request for a preliminary

injunction at this time. Plaintiff has not explained how he is at risk of suffering irreparable harm without preliminary relief. He also requests a mental health evaluation, though his claims related to his mental health, Count 1 and perhaps Count 2, are being dismissed without prejudice from this action for failure to state a claim.

The Court is not without sympathy for Plaintiff's plight, however, and reiterates that the claims related to Plaintiff's mental health are being dismissed *without* prejudice. If he so chooses, Plaintiff may seek leave to file an amended complaint, remedying the errors noted herein to reinstate his failure to protect and deliberate indifference to mental health claims. If he does so, and he believes he still requires injunctive relief, he may request a preliminary injunction by filing a separate motion pursuant to Federal Rule of Civil Procedure 65.

## Disposition

The **CLERK** is **DIRECTED** to **ADD** as defendants **DEPUTY HARE**, **DEPUTY WILSON**, **DEPUTY BARRETT**, and **DEPUTY COURT** in CM-ECF.

**IT IS HEREBY ORDERED** that **COUNT 3** shall **PROCEED** against **HARE** and **BARRETT** and is **DISMISSED** without prejudice against all other defendants.

**IT IS FURTHER ORDERED** that **COUNTS 1**, **2**, **4**, and **5** are **DISMISSED** without prejudice against each of the defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** with prejudice against each of the defendants for legal frivolity.

**IT IS FURTHER ORDERED** that **MADISON COUNTY JAIL** and **UNKNOWN PARTY** (which represents the Jail "Medical Staff" and a group of unspecified "Sherriff Deputies") are **DISMISSED** with prejudice from this action for the reasons stated herein, though

Unknown Party is dismissed without prejudice to Plaintiff bringing claims against individual members of the Jail medical staff and/or individual sheriff deputies.

**IT IS FURTHER ORDERED** that **JOHN LAKIN**, **RANDY YOUNG**, **DEPUTY WILSON**, and **DEPUTY COURT** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 3**, the Clerk of Court shall prepare for **HARE** and **BARRETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 8, 2018**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**