# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HALLOWS, #32721, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-881-SCW |
| | ) |
| DEPUTY HARE and | ) |
| DEPUTY BARRETT, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff John Hallows filed his complaint alleging deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment. (Docs. 1 and 13). This matter is now before the Court on a motion to dismiss for want of prosecution filed by both remaining Defendants. (Doc. 27).

At the time of this lawsuit's filing, Plaintiff was incarcerated at the Madison County Jail ("Madison County"). (Doc. 1; Doc. 13). However, it appears that Plaintiff has been released from Madison County during the pendency of his lawsuit, and Plaintiff has failed to meet his continuing obligation to keep the Court and opposing parties informed of any change to his address. As recently as May 16, 2018, Plaintiff had submitted filings with the Court *pro se*. (Docs. 19, 20). However, following the Court's Order setting this matter for trial in September 2020, (Doc. 22), correspondence to Plaintiff has been returned as undeliverable. (*See* Doc. 23). The Court set a hearing

for Plaintiff's pending motion for recruitment of counsel, motion for copies, and motion to stay, but the notice for these hearings were also returned as undeliverable. (Docs. 24, 25).

Plaintiff has been informed of his continuing obligation to keep the Court and opposing party informed of any change in his address, and is aware that his failure to comply with this obligation may result in the dismissal of his lawsuit due to want to prosecution. (*See* Doc. 13, p. 13; Doc. 24).

Plaintiff failed to appear for the hearing on all three of his motions on September 26, 2018, which was set by separate notice on September 10, 2018. As set forth above, the Court's notice to Plaintiff regarding this hearing was returned as undeliverable.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel*, **214**

**F.3d 784, 786-87 (7th Cir. 2000)).**

Here, Plaintiff was informed by the Court in its threshold order (Doc. 13, p. 13) of his continuing obligation to update the Court on his current address. Plaintiff was further warned that if he failed to comply with the order, his failure could result in dismissal of his claims. (*Id.*; Doc. 24).

Plaintiff has failed to provide the Court and the opposing parties with an updated address, telephone number, or any other means by which to communicate with him. Thus, Plaintiff's current whereabouts are unknown. Plaintiff has plainly failed to meet his obligation to keep the Court, as well as the Defendants, apprised of reliable and valid means of contacting him. This, coupled with Plaintiff's recent failure to appear for a hearing on his pending motions, indicates to the undersigned that Plaintiff no longer wishes to pursue his claims. As such, the undersigned **GRANTS** Defendants' motion to dismiss for lack of prosecution (Doc. 27), and **DISMISSES with prejudice** Plaintiff's claims against Defendants Hare and Barrett.

**IT IS SO ORDERED**.
DATED: September 27, 2018.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge